IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERDEEP, INC. and RIVERDEEP INTERACTIVE LEARNING, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> COKEM INTERNATIONAL, LTD. and CHUCK BOND <br><br> Defendants. | No. C 06-04340 WHA <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND VACATING HEARING** |

**INTRODUCTION**

In this action between a computer-software publisher and a computer-software distributor, plaintiffs Riverdeep, Inc. and Riverdeep Interactive Learning, Ltd. move for a temporary restraining order and a preliminary injunction. This order finds that defendants Cokem International, Ltd. and Chuck Bond have raised a substantial question as to whether personal jurisdiction is proper as to either of them. Moreover, defendants have raised a substantial question whether this dispute is governed by an arbitration clause requiring arbitration in Minnesota. This order finds, therefore, that the extraordinary relief requested by plaintiffs cannot be granted until these threshold issues are resolved. Accordingly, plaintiffs' motion is **DENIED**.

**STATEMENT**

Plaintiffs Riverdeep, Inc. and Riverdeep Interactive Learning, Ltd. (collectively "Riverdeep") publish educational and productivity software for computers. Among Riverdeep's most popular titles are "Reader Rabbit" and "Carmen San Diego" (Compl. ¶ 9). Riverdeep, Inc. is incorporated in Delaware with its principal place of business in San Francisco, California. Riverdeep Interactive Learning, Ltd. is an Irish corporation with its principal place of business in Dublin.

Defendant Cokem International, Ltd. manufactures and distributes software. Cokem is incorporated in Minnesota and has its principal place of business in Plymouth, Minnesota. Defendant Chuck Bond is Cokem's president and chief executive officer. Bond is a resident of Minnesota.

On June 20, 2003, Riverdeep and Cokem entered into an licensing agreement (Power Decl. Exh. A). The agreement permitted Cokem to replicate and sell certain of Riverdeep's software titles. Under the agreement, Cokem was only permitted to sell the software through "alternative retail channels," such as gas stations and independent retailers (*ibid.*). Cokem was not permitted to sell the software to "mainstream retailers" such as Best Buy, Target and Office Max (*ibid.*). Cokem agreed to pay Riverdeep license fees. Cokem was also required to report its sales and calculate royalties owed to Riverdeep. The agreement was set to expire on June 30, 2005.

On June 4, 2004, the parties entered into a termination agreement of the above licensing agreement (Power Decl. Exh. C). The termination agreement extended the expiration date of the licensing agreement to June 30, 2006. The termination agreement included the following arbitration clause (*id.* at 8):

> The termination letter and its Exhibits . . . shall be construed under and governed by the laws of the State of Minnesota without regard to the conflict of laws principles of any jurisdiction. Any dispute arising out of or relating to this Agreement or the alleged breach of it, or otherwise related to the transactions contemplated hereby, will be discussed between the disputing parties in a good faith effort to arrive at a mutual settlement of any such controversy. If, notwithstanding such discussions, such dispute cannot be resolved, such dispute will be settled by final and binding arbitration . . . . If the parties cannot agree on an

2

>   arbitrator within twenty (20) days, any party may request that the chief judge of Hennepin County, Minnesota, appoint an arbitrator. . . . Unless otherwise agreed by the parties, the place of any arbitration proceedings will be in Hennepin County, Minnesota.

The termination agreement left the other material provisions of the original licensing agreement in place.

In June 2006, shortly after the expiration of parties' licensing agreement, Riverdeep allegedly discovered that Cokem had been selling the software to mainstream retailers such as Target and Office Max, in contravention of the parties' agreement. These sales were purportedly unaccounted for in Cokem's sales reports.

On July 14, 2006, Riverdeep filed its complaint in this district court raising claims of copyright infringement, trademark infringement, breach of contract, unfair competition, and interference with contract. Riverdeep alleged Cokem contracted with mainstream retailers to sell the software, in contravention of the parties' licensing agreement. Riverdeep maintains that its software is still on the shelves at these stores. Riverdeep also alleged that defendants did not account for any royalties from those purportedly improper sales. Finally, Riverdeep alleged that Cokem has refused to return the gold-master disks, from which Cokem was able replicate Riverdeep's software.

Defendants were served with the summons and complaint one week later on July 21. Thereafter, defendants sought to compel arbitration by filing a petition for arbitration in Minnesota Superior Court. A determination on that petition is scheduled for August 25, 2006.

Plaintiffs now seek a temporary restraining order, a preliminary injunction, and expedited discovery, so as to stop defendants from selling the software, to get defendants to remove the software from the mainstream retailers' shelves, and to force defendants to return the gold-master disks. Defendants note that they are in the process of having the software pulled from the shelves and also in the process of returning the master disks. Plaintiffs remain unconvinced of either intention.

Defendants subsequently moved to dismiss this action for lack of personal jurisdiction, or in the alternative, to dismiss the action as a result of the arbitration clause. A hearing on that motion is set for September 28, 2006.

**ANALYSIS**

A party is entitled to a temporary injunctive relief upon demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and that the balance of hardships tips sharply in its favor. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir. 2000).

Prior to reaching the merits, however, this order must first determine whether jurisdiction exists and whether the parties' dispute must be arbitrated.

**1. PERSONAL JURISDICTION.**

The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendant. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements*, 328 F.3d 1122, 1129 (9th Cir. 2003). Personal jurisdiction may either be general or specific to the allegations in the complaint. Plaintiffs do not argue that general jurisdiction exists over defendants, thus the only question is whether there is specific jurisdiction.

Specific jurisdiction over a defendant exists where:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citation omitted).

4

For purposes of this motion for temporary restraining order, plaintiff has not shown that they are likely succeed on this test.

Defendants do not appear to have purposefully directed their activities to this forum. Cokem only manufactured Riverdeep products. Riverdeep and Cokem exchanged the master disks in Minnesota. Cokem shipped the products from Minnesota. Cokem has no offices or employees in California. It also does no advertising in California. The only argument for purposeful availment thus appears to be that Cokem put the software into the stream of commerce.

"The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co., Ltd. v. Cheng Shin Rubber Industrial Co., Ltd.*, 480 U.S. 102, 112 (1987). As the Supreme Court there must be something more:

> Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.

For purposes of the instant motion, plaintiff has failed to demonstrate that something more exists.

*Second*, there is a substantial question as to whether, even if purposefully directed, personal jurisdiction would be reasonable. "Once it has been decided that a defendant purposefully established minimum contacts with a forum, 'he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable' in order to defeat personal jurisdiction." *Dole*, 303 F.3d at 1114 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).[1]

---

[1] The Ninth Circuit has identified seven factors relevant to the reasonableness inquiry. They include: (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Dole*, 303 F.3d at 1114.

5

1  It appears there was little to no purposeful injection by defendants into California. Minnesota has an interest in adjudicating this matter, given that the parties contractually agreed to arbitrate their disputes in that state. Minnesota appears to be the most efficient forum, given that a petition to arbitrate is pending in state court there. At the least, the availability of arbitration in Minnesota indicates that an alternative forum exists.

In any event, this order will consider in more detail the question of personal jurisdiction when the issue is fully briefed and defendant's fully-noticed motion comes up for hearing. For now, this order finds that a substantial question exists whether there is personal jurisdiction to resolve the merits of plaintiff's motion.

### 2. ARBITRATION CLAUSE.

Likewise, defendants have presented a substantial issue whether this action must be arbitrated, given that the parties agreed to arbitrate all of their disputes in Minnesota.

Defendants' motion to compel arbitration is governed by the Federal Arbitration Act ("FAA"). The FAA covers arbitration agreements in any "contract evidencing a transaction involving commerce." 9 U.S.C. 2. Where the FAA applies, courts may not "invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Ticknor v. Choice Hotels Int'l., Inc.*, 265 F.3d 931, 937 (9th Cir. 2001) (citation omitted).

A court's role under the FAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. 9 U.S.C. 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999). If the response is affirmative on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms. *Simula,* 175 F.3d at 720. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ibid*. (internal citation omitted). "[T]he emphatic federal policy in favor of arbitral dispute resolution . . . applies with special force in the field of international commerce." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991) (internal citation omitted).

At this juncture, it seems very likely that the parties will be required to submit their dispute to arbitration in Minnesota. Riverdeep has not yet presented any argument as to why

6

the arbitration agreement is invalid. Nor has Riverdeep presented any argument as to why the agreement fails to cover the instant dispute. The arbitration clause by its very terms covers the software-licensing deal between the parties. All of Riverdeep's instant claims regarding improper software distribution, therefore, appear to be squarely within the bounds of the arbitration clause.

$$* \qquad * \qquad *$$

The issues of jurisdiction and arbitrability will be fully resolved upon consideration of defendants' pending motion to dismiss. At this point, however, these substantial questions mitigate against plaintiff's request for expedited and drastic relief. At all events, it seems that all of the alleged harms being suffered by plaintiffs can be remedied by money damages later in this litigation, if the Court ultimately determines that jurisdiction exists and that the arbitration clause does not apply. The availability of adequate compensation is further justification not to grant plaintiffs' request for extraordinary relief.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for temporary restraining order and preliminary injunction is **DENIED**. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: August 15, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE